UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HUNTINGTON HEIGHTS HOMEOWNERS ASSOCIATION, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:18-cv-03821-TWP-DML |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

## ENTRY ON DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on Defendant Nationwide Mutual Insurance Company's ("Nationwide") Motion to Dismiss Plaintiff's Complaint. (Filing No. 11.) Plaintiff, Huntington Heights Homeowners Association, Inc. ("Huntington Heights") filed this action for breach of contract and bad faith, alleging that Nationwide, its insurer, failed to fully pay for covered losses it sustained. (Filing No. 1-1.) Nationwide moves to dismiss both claims under Federal Rule of Civil Procedure 12(b)(6), arguing that even if the allegations in the Complaint are true, Huntington Heights failed to plead sufficient factual matter to state a claim for relief. For the following reasons, the Court **grants in part and denies in part** the Motion to Dismiss.

### I.     BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of Huntington Heights as the non-movants. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

Huntington Heights, an incorporated homeowners' association in Marion County, Indiana, insured its property with Nationwide under policy number ACP BPHM5802376668. ([Filing No. 1-1 at 2](Filing No. 1-1 at 2).) The Complaint alleges that during the policy period, Huntington Heights' covered property sustained covered losses. ([Filing No. 1-1 at 2](Filing No. 1-1 at 2)). It does not say how Huntington Heights sustained those losses or what the losses were. Huntington Heights reported the losses to Nationwide, but "Nationwide breached the contract by failing to fully pay for all covered losses." *Id.* at 2. The Complaint further alleges that "Nationwide breached its duty of good faith and fair dealing by denying open and obvious covered damage, by deceiving its insured by stating that there was no damage, and by making an unfounded refusal to pay for the full value of the covered damage." *Id.* Nationwide moves for dismissal of the Complaint asserting that the allegations are "threadbare and conclusory" and that Huntington Heights is not a named insured on the policy.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633. However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s]" of the

2

elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### III. DISCUSSION

Nationwide makes two primary arguments in support of dismissal.[1] It argues the Court should dismiss Huntington Heights' breach of contract claim because "Plaintiff does not identify the specific terms of the alleged contract that was breached." ([Filing No. 12 at 3](#).) And it argues the Court should dismiss Huntington Heights' bad faith claim because the Complaint "fail[s] to offer any support which would show an 'element of conscious wrongdoing,'" ([*Id.* at 4](#)).

**A.** **Breach of Contract-Count I**

Citing *Cincinnati Specialty Underwriters Ins. Co. v. DMH Holdings, LLC*, 2013 WL 683493 at *5-6 (N.D. Ind. 2013) and *Owner-Operator Indep. Drivers Ass'n, Inc. v. Mayflower Transit Inc.*, 2007 WL 2900561, *13 (S.D. Ind. Sept. 28, 2007), Nationwide argues "a plaintiff must identify the specific contractual provision that has been breached" in order to survive a

---

[1] Nationwide makes a third argument—that Huntington Heights lacks standing because it "is not the proper party named in the applicable insurance contract referenced in Plaintiff's complaint." ([Filing No. 12 at 5](#).) The Court does not consider this argument because the parties have agreed to stay briefing on this issue in hopes that "an early inspection of the property will foster resolution of this matter without considerable motion practice and/or discovery." ([Filing No. 14-1](#).)

3

motion to dismiss. (Filing No. 12 at 3.) "Plaintiffs' [sic] failure to identify the operative terms of the contract compels dismissal of Count I." *Id.*

In response, Huntington Heights argues the Complaint is sufficiently detailed because it lists the policy it held with Nationwide by number, thus informing it of which contract it allegedly breached. (Filing No. 14 at 4.) Huntington Heights distinguishes the two cases Nationwide relies upon and argues that *Cincinnati Specialty* delved only into specific provisions of the contract because the complaint alleged the insurer had failed to acknowledge a policy limit, had failed to perform an adequate investigation, and placed the issues raised in a declaratory action at issue prematurely. *Id.* The court dismissed the claim because it "found that these allegations did not constitute a breach of any identifiable contractual duty that is implied by Indiana contract law." *Id.* Huntington Heights argues *Mayflower Transit* does not apply here because it concerns a lease agreement, not an insurance contract and was resolved on summary judgment rather than a motion to dismiss. *Id.* at 5.

The Court agrees that *Cincinnati Specialty and Mayflower Transit* may not support granting Nationwide's motion to dismiss. The facts in *Cincinnati Specialty* are dissimilar. Moreover, in *Mayflower Transit*, summary judgment was granted in favor of a defendant on a breach of contract claim because the "Plaintiffs [had] not specified a lease provision which has been breached." 2007 WL 2900561 at *13. As Huntington Heights points out, on summary judgment, the moving party must show that there are no disputed issues of material fact and that it is entitled to judgment as a matter of law. On a 12(b)(6) motion, the plaintiff must merely give a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff in *Mayflower Transit* was facing a higher burden than Huntington Heights faces here, so the two cases are not similar.

Regardless, Nationwide is correct that Huntington Heights' Complaint is conclusory and threadbare as it relates to Count I. Huntington Heights does not identify what the "losses covered by the policy" are, does not allege the specific damage it sustained, and does not allege how Nationwide breached the policy other than "failing to fully pay." The Complaint is almost entirely devoid of facts and makes only conclusory allegations. It is insufficient for the plaintiffs to make a conclusory allegation; rather, plaintiff must state the facts underlying the breach. *Holding, B.V. v. Continental Bank, N.A.*, No. 91 C 7728, 1992 WL 345391, at *3 (N.D.Ill. Nov.16, 1992).

The applicable insurance policy is not attached to the Complaint. Providing only a policy number in the Complaint is not helpful. The policy itself has numerous sections and various applicable sections of coverage. The filing contains 124 pages. *See* [Filing No. 11-2](Filing No. 11-2). Nationwide contends that the Complaint fails to allege facts above the speculative level, including that it offered to cover the portions of a building that were damaged, Huntington Heights refused the offer and claimed damage that is not supported by the facts and/or covered under the policy. These types of facts, they argue, are necessary to clearly explain what the dispute is between the parties. Although Huntington Heights is not required to provide detailed factual allegations, the pleading standards of federal court require that it plead "facts that raise a right to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As filed, the Complaint fails to satisfy the pleading requirements of *Iqbal* and *Twombly* and Count I of the Complaint is **dismissed without prejudice**.

**B.    Bad Faith-Count II**

"Indiana law has long recognized that there is a legal duty implied in all insurance contracts that the insurer deal in good faith with its insured." *Allstate Ins. Co. v. Fields*, 885 N.E.2d 728, 732 (Ind. 2008) (citing *Erie Ins. Co. v. Hickman by Smith*, 622 N.E.2d 515, 518 (Ind. 1993)). The obligation of good faith with respect to the discharge of an insurer's contractual obligation includes

the obligation to refrain from (1) making an unfounded refusal to pay policy proceeds; (2) causing an unfounded delay in making payment; (3) deceiving the insured; and (4) exercising any unfair advantage to pressure an insured into a settlement of his claim. *Id.* Count II of the Complaint alleges that Nationwide breached its duty of good faith by "denying open and obvious covered damage, by deceiving its insured by stating that there was no damage, and by making an unfounded refusal to pay for the full value of the covered damage." ([Filing No. 1-1 at 3](#).)

Nationwide moves for dismissal of the claim, arguing that "the facts pled by Plaintiff fail to offer any support which would show an element of conscious wrongdoing and merely alleges that Nationwide disputed coverage." ([Filing No. 12 at 4](#) (quotation omitted).) It further argues that Huntington Heights' bad faith claim fails because it did not attach the applicable policy it relies on for the breach of contract claim. *Id.* Nationwide argues Huntington Heights' allegations are conclusory and even if it could show that its claim was wrongly denied, that would not be enough to sustain a bad faith claim. *Id.* at 5.

Huntington Heights responds that Nationwide's "argument to dismiss Count II is based upon a factual misrepresentation of the claim. Specifically, [Nationwide's] focus on a single word—'wrongly'—to the exclusion of the remainder of the text—frames Plaintiff's claim in a light that appears insufficient." ([Filing No. 14 at 5](#).) Huntington Heights alleges that Nationwide made an "unfounded refusal" to pay policy proceeds and it deceived the insured. *Id.* at 6 (emphasis omitted). Both allegations, if proven, would mean Nationwide breached its duty of good faith under *Hickman*.

The Court finds that Huntington Heights sufficiently pled its bad faith claim. The Complaint alleges Nationwide denied open and obvious coverage, deceived its insured, and made an unfounded refusal to pay the full value of the covered damages—actions that, if proven, indicate

Nationwide breached its duty of good faith. Even if the Court accepts Nationwide's argument that a bad faith claim must allege a form of conscious wrongdoing, that would not mean dismissal here because the Complaint does allege conscious wrongdoing. Huntington Heights alleges "the malicious motivation behind Nationwide's bad faith actions was to short-change the policyholder so that Nationwide could pay less than what it clearly and obviously owed." ([Filing No. 1-1 at 3](#).)

The Court is not persuaded by Nationwide's argument that Huntington Heights needed to attach the contract to its Complaint to state a claim of bad faith. Under Seventh Circuit law, "[a] plaintiff is under no obligation to attach to her complaint documents upon which her action is based". *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). On the other hand, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id*. By attaching the contract, which is referred to in the Complaint, to its Motion to Dismiss, Nationwide made the contract a part of the pleadings. Huntington Heights sufficiently pled its bad faith claim; therefore, dismissal is not warranted on Count II.

### IV.  CONCLUSION

For the reasons explained above, Nationwide's Motion to Dismiss ([Filing No. 11](#)) is **GRANTED in part and DENIED in part.** Count I is **dismissed, but without prejudice.** Count II survives the motion to dismiss. Huntington Heights may file an Amended Complaint within fourteen (14) days of the date of this Order if it believes sufficient facts exist to resurrect Count I.

**SO ORDERED.**

Date:  7/1/2019

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

David E. Miller
SAEED & LITTLE LLP
david@sllawfirm.com

William David Beyers
BUCHANAN & BRUGGENSCHMIDT PC
bbeyers@bbinlaw.com

Joseph P. Carlasare
SMITHAMUNDSEN LLC
jcarlasare@salawus.com